UNITED STATES of America,
Plaintiff,

v.

Cletus Wayne GAINES and John R. Olson, Defendants.

Crim. No. 72–145.

United States District Court,
E. D. Illinois.

July 2, 1973.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill. by Frederick J. Hess, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff.

Murry L. Randall, St. Louis, Mo., for defendant Gaines.

## MEMORANDUM AND ORDER

FOREMAN, District Judge:

The indictment charges that on or about July 7, 1972, Cletus Wayne Gaines and John R. Olson received and concealed certain securities known to have been stolen and having moved in interstate commerce from Tennessee to Illinois, all in violation of 18 U.S.C. § 2315 and 2. Six bonds are specifically listed in the indictment.

Defendant Gaines, on November 12, 1972, filed a Motion to Dismiss alleging that prosecution under the present indictment is barred under the Double Jeopardy clause of the Fifth Amendment to the United States Constitution. A copy of the Missouri indictment is attached to the motion. According to Gaines, it was returned September 7, 1972, prior to the Illinois indictment, and it charges that on or about July 20, 1972, Gaines received and concealed approximately $60,000.00 more or less of securities known to have been stolen and having moved in interstate commerce from Memphis, Tennessee to St. Louis, Missouri. Gaines was convicted under that indictment on October 31, 1972, and was sentenced to three years imprisonment. On appeal this conviction was affirmed and he commenced serving his sentence on April 30, 1973.

Gaines alleges that the evidence in the Missouri trial showed that the bonds referred to in both indictments were stolen on January 28, 1972, from George M. Klepper in Memphis, Tennessee; on July 7, 1972, the bonds listed in the Illinois indictment were taken to a stockbroker in Belleville, Illinois; that these bonds were sent to the broker's Missouri office for sale; that the check for the sale of the bonds was picked up by both defendants at the Missouri office on July 14, 1972; that the bonds involved in the Illinois indictment were intro-

duced into evidence by the United States in the Missouri trial; and that on July 20, 1972, Gaines delivered the bonds alleged in the Missouri indictment to a Missouri brokerage house.

It is the defendant Gaines's contention that the issue disputed in the Missouri trial was whether he had knowledge that all of the bonds were stolen and he implies that the same issue would be litigated in the Illinois trial.

The government has answered alleging that the indictment in Missouri was for an offense separate from that charged in this district. The government also lists the bonds allegedly involved in the Missouri prosecution. All of the bonds listed are clearly different from those specified in the Illinois indictment except that two bonds from the town of Covington, Tennessee, appear to be similar.

Defendant Gaines, on June 15, 1973, filed a supplement to his motion and asks in the alternative for an early trial. He has also submitted a transcript of the Missouri trial.

In support of his position that to proceed further on the present indictment would constitute double jeopardy, defendant Gaines cites Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469; Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, and United States v. Sabella, 272 F.2d 206 (2nd Cir., 1959).

In *Waller*, the petitioner was convicted by a municipal court of violating two ordinances, destruction of city property and disorderly breach of the peace, and sentenced to jail. Thereafter an information based on the same acts was filed by the State of Florida, charging petitioner with grand larceny. He was convicted of the grand larceny charge and on appeal to the United States Supreme Court the second conviction was held invalid. The Court rejected the position that the municipal government and the State of Florida were separate sovereignties. Accordingly, since, in effect, identical sovereignties prosecuted on

both charges, the second trial under a different statute for the same acts constituted double jeopardy. 397 U.S. at 395, 90 S.Ct. 1184.

The *Sabella* case involved one sale of narcotics. Defendants were indicted for violating 26 U.S.C. § 4705(a) by the sale of a specified quantity of heroin. Congress had inadvertently failed to provide a penalty for violation of that section of the law, and although defendants pleaded guilty and were sentenced, their sentences were set aside on motion of the United States Attorney. Thereafter, a new indictment was returned charging the identical acts as contained in the first indictment, but making the charge under 21 U.S.C. §§ 173 and 174. Defendants were convicted and on appeal the court held that the second conviction was void because of double jeopardy. The Court said at 272 F.2d Page 212, that the Fifth Amendment guarantees when the government has proceeded to judgment on a certain fact situation, there can be no further prosecution of that fact situation alone, even though he may be charged under a different statute. There was but one sale of narcotics and no significant additional fact needed to be proven under the second indictment, accordingly, the prosecution was barred by double jeopardy.

In both of the above cases subsequent prosecution was held invalid because the second prosecution depended on the identical set of facts.

In the case of Ashe v. Swenson, supra, the defendant was one of three or four men charged with the armed robbery of six poker players. He was first tried on the charge of robbing one of the six poker players and was acquitted apparently because he could not be identified. At the first trial four of the victims were called to testify. Their testimony, as well as that of other witnesses was consistent and clearly established that an armed robbery occurred, however, none of the witnesses could positively identify the defendant. Later, defendant was brought to trial for the robbery of another participant in the poker

game. He was convicted and sentenced. The Supreme Court of the United States reversed the conviction on grounds that he had twice been put in jeopardy for the same offense. Even though the second trial related to another victim of the same robbery, "the name of the victim, in the circumstances of this case, had no bearing whatever upon the issue of whether petitioner was one of the robbers." 397 U.S. 436 at 446, 90 S.Ct. 1189 at 1196, 25 L.Ed.2d 469. Once a jury made a determination that he was not, the State could not present the same or different identification evidence in a second prosecution for the same robbery.

Defendant Gaines argues that the issue in the Missouri trial was the same as the issue will be in the Eastern District of Illinois, that is, whether he had knowledge that all of the bonds were stolen. He contends this is really a successive trial for the same acts.

Although the statute under which defendant is charged in Missouri includes one of the statutes charged in the Illinois indictment, different facts are alleged. The bonds, with the possible exception of two, are clearly different. As to the town of Covington, Tennessee bonds charged in each indictment, the bonds charged in the Missouri indictment were delivered to Missouri broker for sale and those charged in the Illinois indictment were delivered to an Illinois broker for sale. They were transported to different states and the indictment alleges different dates of the offenses. Although the sovereignty, the United States, is the same, the acts charged are not. The facts that the bonds may have been stolen from the same individual on the same date and that knowledge that the bonds were stolen is an element of the offense in both cases, does not bar prosecution in the Eastern District of Illinois since significantly different additional facts must be proven in each case. The holdings of *Ashe, Waller*, and *Sabella*, accordingly are not applicable.

Defendant's Motion to Dismiss is denied.

Defendant's alternate request for an early trial should be granted and the trial shall be set as early as may be practicable.